# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| ZIX CORPORATION, MARK J. BONNEY, MARCY CAMPBELL, TAHER ELGAMAL, JAMES H. GREENE, JR., ROBERT C. HAUSMANN, MARIBESS MILLER, BRANDON VAN BUREN, and DAVE WAGNER, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On November 7, 2021, Zix Corporation ("Zix" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Open Text Corporation ("Parent") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Zix's outstanding common stock for $8.50 in cash per share. The Tender Offer is set to expire on December 20, 2021.

3. On November 23, 2021, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Recommendation Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Zix common stock.

9. Defendant Zix is a Texas corporation. Zix's common stock is traded on the NASDAQ under the ticker symbol "ZIXI."

10. Defendant Robert C. Hausmann is Chairman of the Board of Directors of Zix (the "Board").

11.     Defendant David Wagner is President, Chief Executive Officer, and a member of the Board.

12.     Defendant Mark J. Bonney is a member of the Board.

13.     Defendant Marcy Campbell is a member of the Board.

14.     Defendant Taher Elgamal is a member of the Board.

15.     Defendant James H. Greene, Jr. is a member of the Board.

16.     Defendant Maribess Miller is a member of the Board.

17.     Defendant Brandon Van Buren is a member of the Board.

18.     Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19.     Zix is a leader in email security, productivity, and compliance.

20.     On November 7, 2021, Zix entered into the Merger Agreement.

21.     The press release announcing the Proposed Merger provides as follows:

Zix Corporation (NASDAQ: ZIXI) ("Zix"), a leading provider of cloud email security, threat protection and compliance cloud solutions for Small and Medium-sized Businesses (SMBs), today announced that it has entered into a definitive agreement to be acquired by OpenText™, a market-leading provider of Information Management solutions, for $8.50 per share in cash, representing an enterprise value of $860 million.

"We are pleased to announce this transaction with OpenText," said Robert Hausmann, Chairman of Zix. "Following a strategic review conducted by our Board of the Directors (the "Board"), triggered in part by unsolicited approaches from multiple parties, Zix and its financial advisor conducted a broad outreach to more than 70 strategic and financial parties over a number of months. Today's announcement is the culmination of that process. This transaction, which has been unanimously approved by the Zix Board, delivers to Zix's stockholders liquidity, value certainty and a high likelihood and speed to closing with a proven acquiror."

Dave Wagner, Zix's Chief Executive Officer, added, "Over the past several years, Zix has expanded its product portfolio and customer base through acquisitions and organic initiatives. We are thrilled to join forces with OpenText and add Zix's

3

Secure Cloud Platform to the Carbonite and Webroot products in OpenText's SMB Platform. OpenText provides the ideal opportunity to help Zix achieve its next phase of growth. This transaction will bring greater resources and product capabilities, and provide significant benefits to our customers, partners and employees."

Under the terms of the agreement, an OpenText subsidiary will commence a tender offer for all outstanding shares of Zix common stock at a price of $8.50 per share in cash, representing a premium of 16% to the volume-weighted average closing price of Zix common stock for the 20 trading days prior to October 18, 2021, when news reports appeared regarding a potential transaction.

Closing is subject to the tender of two-thirds of Zix's common shares outstanding as well as customary regulatory approvals and other customary conditions, and the transaction is expected to close within 90 days of this announcement. Zix's largest shareholder, an affiliate of True Wind Capital, L.P., has agreed, subject to satisfaction of certain conditions, to convert its Series A Preferred Shares into common shares and to tender those shares in the tender offer. Zix's executive officers and certain directors have likewise agreed to tender their common shares in the tender offer.

**Advisors**

Citi is acting as exclusive financial advisor to Zix, and Baker Botts is acting as legal counsel.

22.     On November 23, 2021, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

23.     The Recommendation Statement fails to disclose material information regarding Zix's financial projections, specifically: the line items underlying the financial projections.

Financial Analyses

24.     The Recommendation Statement fails to disclose material information regarding the financial analyses conducted by Citi.

25.     Regarding Citi's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the terminal values utilized by Citi; (ii) the inputs and assumptions underlying the discount rates utilized by Citi; (iii) the net operating losses and net debt utilized by Citi; and

(iv) the number of fully diluted shares outstanding utilized by Citi.

26. Regarding Citi's Selected Public Companies Analysis, the Recommendation Statement fails to disclose the individual multiples for the companies utilized by Citi.

27. Regarding Citi's Selected Precedent Transaction Analysis, the Recommendation Statement fails to disclose the individual multiples for the transactions utilized by Citi.

28. Regarding Citi's Discounted Analyst Price Targets analysis, the Recommendation Statement fails to disclose: (i) the price targets utilized by Citi; and (ii) the sources of the price targets.

<u>Citi's Engagement</u>

29. The Recommendation Statement fails to disclose: (i) the fees Citi has received or will receive in connection with its engagement; (ii) the amount of Citi's fee that is contingent on the consummation of the Proposed Merger; and (iii) the fees Citi or its affiliates received for the previous services they conducted for Zix, Parent, or their affiliates.

## COUNT I

**Claim Against Defendants for Violation of Section 14(e) of the Exchange Act**

30. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

31. Section 14(e) of the Exchange Act states:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

32. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the

statements therein not misleading.

33. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

34. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

35. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

36. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

37. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

38. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

39. Accordingly, defendants violated Section 14(e) of the Exchange Act.

40. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance

with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

43. Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

44. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

45. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

46. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

47. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

48. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

49. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

50. The Individual Defendants acted as controlling persons of Zix within the meaning of Section 20(a) of the Exchange Act as alleged herein.

51. Due to their positions as directors of Zix and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

54. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

55. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

56. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by

their acts and omissions as alleged herein.

57. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

58. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  November 6, 2021 **GRABAR LAW OFFICE**

By: *Joshua H. Grabar*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

10